**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,                ) | 14-7157M |
|                                                       ) |  |
|            Plaintiff,           ) | **ORDER** |
|                                                       ) |  |
| vs.                                                ) |  |
|                                                       ) |  |
| Jesus Manuel Zazueta-Ramirez,   ) |  |
|                                                       ) |  |
|            Defendant.       ) |  |
|                                                       ) |  |

       This Court has considered the parties' Joint Motion to Extend Time for Indictment, which erroneously states Defendant Jesus Manuel Zazueta-Ramirez has been "accused of Reentry After Deportation in violation of 8 U.S.C. § 1326[.]" (Doc. 6)

       Defendant has been charged by complaint with Illegal Entry, in violation of 8 U.S.C. § 1325(a)(2) which carries a maximum prison sentence upon conviction of six months. Illegal Entry is a petty offense and a Class B misdemeanor. 18 U.S.C. §§ 3559(a)(7), 19; *United States v. Garcia-Martinez*, 2009 WL 4438623, at *3 (D. Ariz. Nov. 30, 2009).

       The indictment clause of the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." Generally, however, a defendant charged with a petty offense has no constitutional right to proceed by indictment. *United States v. Ramirez*, 556 F.2d 909, 911 (9th Cir. 1976) (citing *Duke v. United States*, 301 U.S. 492 (1937)); *see also* Federal Criminal Rules 7(a)(1)(B) ("An offense (other than criminal contempt) must be

1  prosecuted by an indictment if it is punishable . . . by imprisonment for more than one
2  year."), and Rule 58(b)(1) ("The trial of a misdemeanor may proceed on an indictment,
3  information, or complaint. The trial of a petty offense may also proceed on a citation or
4  violation notice.").

5        The Speedy Trial Act, 18 U.S.C. §§ 3161-3172, does not apply to petty offenses. *See*
6  18 U.S.C. § 3172(a) (defining "offense" to be "any Federal criminal offense which is
7  established by Act of Congress (other than a Class B or C misdemeanor or an infraction . .
8  .")). "Petty offenses are exempted from both the requirement of a jury trial and the Speedy
9  Trial Act." *United States v. Richmond*, 312 Fed. Appx. 56, at *1 (9th Cir. 2009) (citing
10 *United States v. Baker*, 641 F.2d 1311, 1319 (9th Cir. 1981)) (holding Speedy Trial Act does
11 not apply to petty offenses); *United States v. Carpenter*, 91 F.3d 1282 (9th Cir. 1996)
12 (collecting cases explaining that criminal contempt cannot be classified as either a felony or
13 misdemeanor for all purposes, but instead should be classified based on the sentencing range
14 imposed).

15       Based on the foregoing,

16       **IT IS ORDERED** that the parties' Joint Motion to Extend Time for Indictment, doc.
17 6, is **DENIED** as moot.

18       DATED this 6th day of March, 2014.

                                             Lawrence O. Anderson
                                             United States Magistrate Judge